UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

5/9/07

| | |
|---|---|
| United States of America | : |
| | : |
| v. | : File No. 1:05-CR-54 |
| | : |
| John M. Ruggiero | : |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 27)

Defendant John Ruggiero, proceeding *pro se*, has filed a motion to amend or correct his sentence pursuant to 28 U.S.C. § 2255. Ruggiero moves the Court to amend his sentence so that it recommends placement in a Vermont halfway house on a specific date. He also asks the Court to consider a jury's finding, issued in the course of a civil trial in state court, that he did not act with malice when he misappropriated money. For the reasons set forth below, I recommend that Ruggiero's motion be DENIED.

### Factual Background

On April 29, 2005, Ruggiero pleaded guilty to a one-count information charging him with mail fraud. On January 31, 2006, the Court sentenced Ruggiero to 24 months imprisonment, to be followed by three years of supervised release. In its Judgment, the Court

recommended that Ruggiero "be designated to serve his sentence at the satellite camp at FMC Devens." The Court further recommended that "if defendant qualifies for placement in a half-way house, that he be designated to a half-way house in New York state." (Paper 24). The government informs the Court that Ruggiero is scheduled to be released on January 20, 2008.

While his federal criminal suit was pending, Ruggiero was allegedly sued in state court by his fraud victims. Trial in the civil action post-dated Ruggiero's federal sentencing. Because the plaintiffs in the suit were seeking punitive damages, the jury was asked to determine whether Ruggiero acted with malice when he misappropriated money. The jury found that Ruggiero had not acted with malice, and awarded no punitive damages. (Paper 27-3).

Ruggiero now asks the Court to reconsider its sentence. First, he claims that the Bureau of Prisons ("BOP") is wrongfully limiting his time in a halfway house to the final ten percent of his sentence. He also asks the Court to recommend that he be sent to a halfway house in Vermont, as such facilities are

currently available to Vermont state prisoners. Finally, in determining whether to adjust its sentencing recommendations, he asks the Court to take into account the finding of no malice by the state court jury.

## Discussion

At issue in this case is the BOP's implementation of federal statutes with respect to prisoner placement. Those statutes are 18 U.S.C. § 3621, which governs the BOP's authority to designate the place of imprisonment, and 18 U.S.C. § 3624(c), which provides that the BOP shall, "to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term" under conditions that will facilitate the prisoner's re-entry into the community. Ruggiero claims that the BOP has limited his time in a halfway house to 10% of his sentence, and that federal appellate courts, including the Second Circuit, have rejected such a limitation. Because Ruggiero is incarcerated in Massachusetts, he has challenged the BOP's placement policy in the First Circuit pursuant to 28 U.S.C. § 2241. A similar challenge is currently

3

before the First Circuit Court of Appeals.  See <u>Muniz v. Winn</u>, 462 F. Supp. 2d 175 (D. Mass. 2006) (certifying expedited appeal).

Here, Ruggiero is proceeding pursuant to 28 U.S.C. § 2255.  In <u>Levine v. Apker</u>, 455 F.3d 71, 77 (2d Cir. 2006), the Second Circuit considered whether a challenge to the BOP's policies under 18 U.S.C. §§ 3621 and 3624(c) "was properly labeled as a petition pursuant to 28 U.S.C. § 2241, or whether it should be reviewed as a petition under § 2255."

> A challenge to the *execution* of a sentence – in contrast to the *imposition* of a sentence – is properly filed pursuant to § 2241. Execution of a sentence includes matters such as administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, *prison transfers*, type of detention and prison conditions.  This distinction between sentence validity and sentence execution is grounded in the plain language of the more specific statute, § 2255, which does not recognize challenges to the manner of carrying out a prisoner's sentence.
>
> . . .
>
> [The defendant's] petition challenges the *place* of his imprisonment, including the differences in the *manner* and *conditions* of imprisonment (such as the degree of physical restriction and rules governing prisoners' activities) that distinguish [halfway houses] from other BOP penal facilities. [The defendant's] claim is therefore not an attack

>     on the lawfulness of his sentence, but rather
>     an attack on the execution of his sentence,
>     and as such is governed by § 2241.

Levine, 455 F.3d at 78 (internal citations and quotation marks omitted) (emphasis in original). This same analysis applies here. Ruggiero is clearly challenging the manner and conditions of imprisonment, and must therefore pursue relief solely under 28 U.S.C. § 2241.

Notwithstanding the Second Circuit's determination in Levine, Ruggiero argues that he should be allowed to proceed under § 2255. He first argues that the Court should take into account the jury's finding of no malice in the state civil action, and that the failure to do so would violate "the rudimentary demands of fair procedure." (Paper 32 at 1). He next contends that he was unable to raise this issue previously because the time limits for filing either an appeal or a motion for a sentence correction had expired. Finally, Ruggiero submits that the Court should view this potential injustice against the backdrop of the BOP's "illegal and unlawful application of a half-way house placement . . . ." Id. at 4.

The scope of a collateral attack under § 2255 is "a

5

very limited one, and will not be entertained unless the error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Witt v. United States, 1988 WL 140875, at *3 (S.D.N.Y. Dec. 20, 1988) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).  In United States v. Addonizio, 442 U.S. 178 (1978), the Supreme Court revisited these principles when considering a § 2255 petition attacking the validity of a sentence after a post-sentencing policy change by the United States Parole Commission.  The Court noted that "[t]here is no claim of constitutional violation; the sentence imposed was within the statutory limit; and the proceeding was not infected with any error of fact or law of the 'fundamental' character that renders the entire proceeding irregular and invalid." Addonizio, 442 U.S. at 186.

In this case, Ruggiero seeks reconsideration and a rewriting of his sentence.  His arguments are based upon BOP policy and a post-sentencing event that, in his own words, "could have persuaded the Court" to make the recommendations he is now requesting.  None of his arguments identifies a constitutional violation, an

6

invalid sentence, or a fundamental defect in his sentencing. "Indeed, under orthodox § 2255 analysis, petitioner's application alleges no error whatsoever, but is instead an appeal to the leniency of this Court." <u>Witt</u>, 1998 WL 140875, at *4. Because the relief requested in this case is most appropriately addressed in a § 2241 petition, and because Ruggiero has not satisfied the requirements for relief under § 2255, I recommend that his motion be DENIED.

## Conclusion

For the reasons set forth above, I recommend that Ruggiero's motion to amend or correct his sentence (Paper 27), filed pursuant to 28 U.S.C. § 2255, be DENIED.

Dated at Burlington, in the District of Vermont, this 8th day of May, 2007.

/s/ Jerome J. Niedermeier<br>
Jerome J. Niedermeier<br>
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).